# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EBONI D. LUCAS, et al., <br>     Plaintiff(s), <br> v. <br> MGM RESORTS INTERNATIONAL, et al., <br>     Defendant(s). | Case No. 2:20-cv-01750-JAD-NJK <br> **Order** <br> [Docket No. 117] |

Pending before the Court is Defendants' motion to exclude portions of Plaintiffs' rebuttal expert report prepared by Eric C. Dyson. Docket No. 117. The motion argues that portions of that rebuttal report are improper because they could have been included in the initial expert report. *See, e.g.*, *id.* at 6-9.

The Court may not exclude an improper expert report if the underlying violation is harmless. Fed. R. Civ. P. 37(c)(1). "Harmlessness may be established if a disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report." *Pac. Indemn. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. Aug. 25, 2016) (collecting cases). In line with that reasoning, courts have found harmlessness sufficient to avoid exclusion sanctions when a rebuttal report served a month before the discovery cutoff includes information that should have been included in an initial report. *See, e.g.*, *Felix v. CSAA Gen. Ins. Co.*, 2017 WL 1159724, at *3 (D. Nev. Mar. 28, 2017) (addressing harmlessness for improper rebuttal report served 33 days before discovery cutoff).[1]

---

[1] This conclusion is not altered by the fact that the motion to exclude itself is not filed and/or decided until after the discovery cutoff. In such circumstance, the Court may ameliorate harm by affording an opportunity to rebut the untimely expert disclosure and reopening discovery on a limited basis. *See, e.g.*, *Fernandez-Gonzalez v. Valdes-Garcia*, 2022 WL 4112822, at *1 (D. Nev. July 18, 2022).

1

In this case, the rebuttal report was served 30 days before the expiration of the expert discovery period. *See* Docket No. 117 at 11 n.4. An insufficient showing has been made that striking is warranted given that timing and the case law addressed above.

Accordingly, the motion to exclude is **DENIED** without prejudice. If Defendants continue to seek relief on this issue, they must file a renewed request by November 22, 2022.[2]

IT IS SO ORDERED.

Dated: November 15, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court does not opine herein on the motion to seal, Docket No. 116, which will be resolved in due course.