UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EBONI D. LUCAS, et al.,<br>    Plaintiff(s),<br>v.<br>MGM RESORTS INTERNATIONAL, et al.,<br>    Defendant(s). | Case No. 2:20-cv-01750-JAD-NJK<br><br>**Order**<br><br>[Docket No. 120] |

Pending before the Court is Defendants' motion to exclude portions of Plaintiffs' rebuttal expert report prepared by Eric C. Dyson or, alternatively, to reopen discovery and to award attorneys' fees. Docket No. 120. Plaintiffs filed a response in opposition. Docket No. 123. Defendants filed a reply. Docket No. 125. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Defendants' motion is **GRANTED** in part and **DENIED** in part.

I.   BACKGROUND

Plaintiffs are current and former participants in the 401(k) plan of MGM Resorts. *See* Docket No. 14 at ¶¶ 17-20. Plaintiffs bring this class action for claims that Defendants breached their duties under the Employee Retirement Income Security Act (ERISA) by allegedly retaining overpriced investments and failing to control costs associated with the 401(k) plan. *See id.* at ¶¶ 63-139.

The parties are currently before the Court regarding Plaintiffs' expert report prepared by Dyson, which was designated as a "rebuttal" report. Docket No. 120. In particular, the parties dispute whether certain aspects of that report are properly characterized as including "rebuttal" opinion and, if not, the proper remedy to address that issue.

1

## II. STANDARDS

A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). The party must also provide a written report of the expert. Fed. R. Civ. P. 26(a)(2)(B). Parties must disclose their experts at the times and in the sequence that the Court orders. Fed. R. Civ. P. 26(a)(2)(D).

When a party fails to meet its expert disclosure obligations, the Court turns to Rule 37(c) to determine the appropriate consequences. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Several factors guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022). It is well-settled that "[h]armlessness may be established if [an expert] disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report." *Pacific Indem. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. 2016) (collecting cases).

Even where non-disclosure is neither harmless nor justified, however, courts are not required in all instances to impose an exclusion sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011); *see also Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). In practice, the harsh sanction of excluding an improperly disclosed expert witness is generally limited to extreme situations because courts universally recognize the strong preference for deciding cases on their merits when possible. *Wilkerson v. Abrigo*, 2020 WL 8921006, at *1 (D. Nev. June 30, 2020) (citing *Carisbrook Asset Holding Trust v. SFR Invs. Pool 1, LLC*, 2019 WL 2393614, at *2 (D. Nev. June 6, 2019) and *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017)). Other potential sanctions include the payment of reasonable

expenses and any other "appropriate" sanction. *Pacific Indemnity*, 203 F. Supp. 3d at 1097. Courts have wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106.

## III. ANALYSIS

### A. DISCLOSURE VIOLATION

The Court begins its analysis with determining whether the disclosure of the identified portions of Dyson's rebuttal report violated the scheduling order. In so doing, the Court must determine whether the pertinent portions of that report are properly considered initial expert opinions or rebuttal expert opinions. United States Magistrate Judge Lawrence R. Leavitt succinctly stated the governing standards as follows:

> Fed. R. Civ. P. 26(a)(2)(C)(ii) permits the admission of rebuttal expert testimony that is intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness. Rebuttal expert reports necessitate a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their responsive reports. Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report. They are not, however, the proper place for presenting new arguments. The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party. If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case in-chief, then the witness is not a rebuttal witness or anything analogous to one. Rather, rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case.

*R&O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (internal quotations and citations omitted).

In this case, it is clear that portions of Dyson's rebuttal report were required to be included in the initial expert report.[1] On its face, the latter report is designed to offer new information in

---

[1] Defendants present their explanation as to why the portions of the report are improper by incorporating by reference the arguments presented in their prior motion. Docket No. 120 at 3 n.1. While not prohibited by the local rules, *Schrader v. Wynn*, 2021 WL 619376, at *4 (D. Nev. Feb. 17, 2021), incorporation by reference is a disfavored practice because of the various problems it can present, *Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1129 n.8 (D. Nev. 2021) (noting that incorporation by reference may be used in an effort to circumvent page limitations and can create a confusing presentation of the arguments). In this case, however, there is no concern as to page limitations and the arguments are provided in the immediately preceding papers. The arguments are clear to the Court and were (or should have been) clear to Plaintiffs. Moreover, whether portions of Dyson's rebuttal report are improper is not a close call. Accordingly, in the circumstances of this case, the Court considers the arguments incorporated by reference.

support of the initial opinion.  Docket No. 117-5 at ¶ 8.  Such information should have been provided in the initial report, Fed. R. Civ. P. 26(a)(2)(B)(i) (initial expert opinions must contain "a *complete* statement of all opinions the witness will express and the basis and reasons for them" (emphasis added)), and a rebuttal report is not a proper vehicle for a "do over" at an initial expert opinion, *see Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004).[2]  Hence, providing such information in a rebuttal report after expiration of the deadline for disclosing initial expert opinions was improper.

### B.  APPROPRIATE REMEDY

The Court next turns to the appropriate remedy in light of the finding above.  Although the Court finds that a disclosure violation exists, the circumstances do not justify striking of the violating aspects of the expert opinion.  The report was served 30 days before the expiration of the discovery period, *see* Docket No. 124 at ¶ 2 (attesting that subject report was served on October 10, 2022); *see also* Docket No. 71 (setting discovery cutoff of November 10, 2022), which provided sufficient time to address this shortcoming by further deposing the expert and challenging the new aspects of his report, *cf. Felix v. CSAA Gen. Ins. Co.*, 2017 WL 1159724, at *3 (D. Nev. Mar. 28, 2017) (addressing harmlessness for improper rebuttal report served 33 days before discovery cutoff).  Therefore, the Court declines the request to strike these aspects of the expert report because it was sufficiently harmless to avoid that drastic relief.

With respect to the alternative relief sought, the parties agree that it is appropriate to allow further deposition questioning of Dyson given these circumstances.  *See* Docket No. 123 at 3.  Nonetheless, Plaintiffs balk at the prospect of allowing Defendants the opportunity to provide further expert opinion responding to these new aspects of Dyson's report.  *See id.*  Courts facing similar circumstances routinely allow both further deposition questioning and an opportunity for responsive expert opinion.  *E.g.*, *Pacific Indemnity*, 203 F. Supp. 3d at 1098.  Allowing Defendants

---

[2] Although Plaintiffs cast the instant report as a "rebuttal," it is really more akin to an improper "supplement" by which Plaintiffs seek to revise prior expert opinion in light of her opponent's challenges to the substance of that opinion. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3965190, at *2 (D. Nev. July 21, 2016).  The opinion is improper regardless of the label provided. *See id.*

to rebut these new opinions is contemplated by the governing rules, *see, e.g.*, Fed. R. Civ. P. 26(a)(2)(D)(ii), and the Court has not been persuaded to do otherwise in this case.

Lastly, Defendants ask for an award of expenses incurred with respect to the instant motion practice. Docket No. 120 at 6. Defendants have been prejudiced in having to engage in motion practice to address Dyson's improper rebuttal opinion. Courts facing similar circumstances in which an initial expert report is erroneously portrayed as a rebuttal report routinely award attorneys' fees to the movant. *E.g.*, *Felix*, 2017 WL 1159724, at *6. The circumstances here likewise warrant an award of attorneys' fees incurred with respect to the instant motion practice since Plaintiffs' improper expert disclosure prompted the need to litigate this issue.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion is **GRANTED** in part and **DENIED** in part as stated above. To the extent the parties do not agree amongst themselves as to an amount of fees,[3] Defendants must file a motion to calculate fees by February 7, 2023. The parties must confer on a schedule to depose Dyson and for Defendants to provide a further responsive expert report, all of which must be completed by March 15, 2023. The dispositive motion deadline is also **RESET** for April 14, 2023.

IT IS SO ORDERED.

Dated: January 24, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The parties are not required to engage in a meet-and-confer on this issue, but they may find it in their best interest to do so.

5