# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EBONI D. LUCAS, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, et al.,<br><br>    Defendant(s). | Case No. 2:20-cv-01750-JAD-NJK<br><br>**Order**<br><br>[Docket No. 116] |

Pending before the Court is Defendants' motion to seal. Docket No. 116.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a "particularized showing" of "good cause." *Id.* at 1180. The mere fact that a party has designated a document as confidential pursuant to a blanket protective order does not, without more, suffice to establish good cause to seal that document when filed with the Court. Docket No. 76 at 2 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) and *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). A request to seal documents must also be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The instant sealing request fails on several levels. First, with respect to the information Defendants contend is properly sealed, the good cause showing is predicated on statements of counsel in a brief rather than by actual evidentiary support. *See* Docket No. 116 at 3; *but see Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) (arguments of counsel are not evidence). Second, with respect to the information designated by Plaintiffs as confidential, no showing of any kind has been made by Plaintiffs to support sealing. *But see* Docket No. 76 at 2 ("the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice"). Third, the sealing request appears on its face to be overly broad, seeking to seal 160 pages of filings on the docket, and it provides no explanation as to why redaction is not feasible as an alternative to wholesale sealing of these documents. *But see Foltz*, 331 F.3d at 1137.

Accordingly, the motion to seal is hereby **DENIED** without prejudice. Defendants must file any renewed motion to seal by February 7, 2023. To the extent Plaintiffs seek sealing for any of the subject documents, they must provide a declaration and any other appropriate supporting information to defense counsel by February 3, 2023. Defendants must include such papers in any renewed motion to seal. Any renewed motion practice must include either proposed redactions or meaningfully developed argument as to why redactions are not feasible.

**The Clerk's Office is INSTRUCTED to continue to seal Docket No. 117, and its attachments, at this juncture.**

IT IS SO ORDERED.

Dated: January 24, 2023

_____
Nancy J. Koppe
United States Magistrate Judge