UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EBONI D. LUCAS, et al.,<br><br>      Plaintiff(s),<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, et al.,<br><br>      Defendant(s). | Case No. 2:20-cv-01750-JAD-NJK<br><br>**Order**<br><br>[Docket No. 132] |

Pending before the Court is Defendants' motion to redact, Docket No. 132, which fails for a variety of reasons.

First, the motion to redact was filed under seal, which is a disfavored practice. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016). A motion to seal or redact itself "should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information." *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022). The pending motion to redact does not appear to include any confidential information and no justification is provided as to why it was filed under seal. Nor did Defendants file a motion to seal the motion to redact. *But see* Local Rule IA 10-5(a) (requiring the filing of a motion to seal accompanying a filing made under seal).

Second and similarly, the proposed redacted versions of the subject documents are also filed under seal. It makes no sense to provide redactions for sealed documents, as sealed documents are not viewable by the public.

Third, the Court denied Defendants' previous sealing attempt because "the good cause showing is predicated on statements of counsel in a brief rather than by actual evidentiary support." Docket No. 129 at 2 (citing *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589,

593 n.4 (9th Cir. 2002)). Defendants repeat the same mistake in the motion to redact, as no evidentiary support is provided for the good cause showing (*e.g.*, a declaration from someone with personal knowledge); the motion to redact is instead premised entirely on an unelaborated and unsupported statement by counsel. *See* Docket No. 132 at 2.

Fourth, the motion to redact is filed without citation to legal authority, without identification of the governing standards, and without meaningful discussion as to how those standards are satisfied. *See* Docket No. 132. Such a shortcoming constitutes consent to the denial of the motion. *See* Local Rule 7-2(d) (failure to file points and authorities); *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (failure to provide meaningfully developed argument).

Because the motion to redact (Docket No. 132) and the exhibits thereto (Docket Nos. 132-1, 132-2, 132-3, and 132-4) were filed on the docket improperly, the Court hereby **STRIKES** them. *See* Local Rule IC 7-1. Defendants will be provided one final opportunity to maintain secrecy of the subject information.[1] Any renewed motion to redact must be filed by February 22, 2023.

**The Clerk's Office is INSTRUCTED to continue to seal Docket No. 117, and its attachments, at this juncture.**

IT IS SO ORDERED.

Dated: February 15, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[1] Seeking to seal or redact information in judicial filings should be a simple endeavor that does not require three rounds of motion practice. The third bite at the apple being provided herein will be the last, so counsel must ensure that the renewed motion to redact is complete and filed correctly. If out-of-state counsel is unfamiliar with the robust Ninth Circuit case law on these issues or with the procedures of this Court, she must immediately familiarize herself with both and/or consult with her local counsel.